Robert G. Bernhoft, Wis. St. Bar #1032777
Daniel J. Treuden, Wis. St. Bar #1052766
The Bernhoft Law Firm, S.C.
1220 Colorado Street, Suite 440
Austin, Texas 78701
(512) 582-2100 telephone
Attorney for the Purported Respondents
Special Appearance (*pro hac vice* application pending)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>     Petitioner,<br><br>v.<br><br>DONOR RELATIONS, LLC, and COURTESY CALL, INC.,<br><br>     Respondents. | Case No. <u>2:18-cv-00183-GMN-CWH</u><br><br>Motion to Dismiss for Lack of Personal Jurisdiction, for Insufficient Service, and for Insufficient Process Made by Special Appearance |

COME NOW purported Respondents Donor Relations, LLC and Courtesy Call, Inc. (the "Purported Respondents"), who appear specially through undersigned counsel *pro hac vice* (*pro hac vice* applications pending), not as a general appearance but in a limited capacity to maintain objections to personal jurisdiction, and hereby respectfully move to dismiss the Petition for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), (4) and (5).

1
2
3
4
5
6

**Conference with Opposing Counsel**

The undersigned counsel conferred with counsel for the Petitioner Federal Trade Commission ("FTC") regarding this motion, and can advise that the FTC opposes this motion on grounds the FTC is not required to obtain and serve the Purported Respondents with a summons.

7

**Argument**

8
9
10
11
12
13
14
15
16

It is well attested to that in the absence of a properly served summons, there cannot be personal jurisdiction. Fed. R. Civ. P. 4(a). The necessity of a summons rests on the Fifth Amendment constitutional foundation of affording Due Process to American citizens: "The requirement that a court have personal jurisdiction flows not from Art. III, but from the Due Process Clause. . . . It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

17
18
19
20
21
22
23
24
25

The urgency of a properly issued summons has been amply illustrated by the Supreme Court: "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987). In turn, "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946). This Circuit also reiterates this fundamental principle:

26

> Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction. . . Neither actual notice . . . nor simply naming the person in the caption of the complaint. . . will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.

*Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (referring to Rule 4 prior to the revision and renumbering of the rule in 1987).

Here, no summons was even issued, much less served, upon either Purported Respondent, nor upon a registered agent of those companies, as required by Fed. R. Civ. P. 4 and 5. Notably, the Court's Order to Show Cause (Doc. 3, p. 3), specifically cites Fed. R. Civ. P. 81(a)(5) which reads: "These rules apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings." Fed. R. Civ. P. 4 and 5 are part of "these rules" referred to in Fed. R. Civ. P. 81(a)(5). Consequently, when the Court's Order to Show Cause says the "petition and exhibits filed therewith, shall be served forthwith by Petitioner upon Respondents or their counsel, using as expeditious means as practicable," the order naturally intended service in compliance with the Federal Rules of Civil Procedure, including the bedrock requirement of a summons.

## Conclusion

**Wherefore**, for all the foregoing reasons, the Purported Respondents move to dismiss the FTC's enforcement petition under

1  Fed. R. Civ. P. 12(b)(2), (4), and (5) for lack of personal jurisdiction, lack

2  of proper service of process, and insufficient process.

3       Respectfully submitted this 7th day of February, 2018.

4                           THE BERNHOFT LAW FIRM, S.C.

5                           Attorneys for Donor Relations, LLC and
                            for Courtesy Call, Inc.
6

7
                            ____/s/ Robert G. Bernhoft_____
8                           Robert G. Bernhoft, Wis. Bar No. 1032777

9                           1220 Colorado Street, Suite 440
                            Austin, Texas 78701
10                          (512) 582-2100 telephone
11                          (512) 373-3159 facsimile
                            rgbernhoft@bernhoftlaw.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1  Robert G. Bernhoft, Wis. St. Bar #1032777
2  Daniel J. Treuden, Wis. St. Bar #1052766
   The Bernhoft Law Firm, S.C.
3  1220 Colorado Street, Suite 440
   Austin, Texas 78701
4  (512) 582-2100 telephone
5  Attorney for the Purported Respondents
6  Special Appearance (*pro hac vice* application pending)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Petitioner,<br><br>v.<br><br>DONOR RELATIONS, LLC, and COURTESY CALL, INC.,<br><br>Respondents. | Case No. 2:18-cv-00183-GMN-CWH<br><br>Motion to Dismiss for Lack of Personal Jurisdiction, for Insufficient Service, and for Insufficient Process Made by Special Appearance |

The undersigned hereby certifies that this document was served via the Court's ECF system and that opposing counsel is registered as an ECF user with this Court.

Respectfully submitted this 7th day of February, 2018.

THE BERNHOFT LAW FIRM, S.C.
Attorneys for Donor Relations, LLC and
for Courtesy Call, Inc.


 /s/ Robert G. Bernhoft
Robert G. Bernhoft, Wis. Bar No. 1032777
1220 Colorado Street, Suite 440
Austin, Texas 78701
(512) 582-2100 telephone
(512) 373-3159 facsimile
rgbernhoft@bernhoftlaw.com