Robert G. Bernhoft, Wis. St. Bar #1032777
Daniel J. Treuden, Wis. St. Bar #1052766
The Bernhoft Law Firm, S.C.
1220 Colorado Street, Suite 440
Austin, Texas 78701
(512) 582-2100 telephone
Attorney for the Purported Respondents
Special Appearance (*pro hac vice* application pending)

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Petitioner, | Case No. 2:18-cv-00183-GMN-CWH |
| v. | Reply in Support of Motion to Dismiss for Lack of Personal Jurisdiction, for Insufficient Service, and for Insufficient Process Made by Special Appearance |
| DONOR RELATIONS, LLC, and COURTESY CALL, INC., | |
| Respondents. | |

COME NOW purported Respondents Donor Relations, LLC and Courtesy Call, Inc. (the "Purported Respondents"), who appear specially through undersigned counsel *pro hac vice* (*pro hac vice* applications pending), not as a general appearance but in a limited capacity to maintain objections to personal jurisdiction, and hereby respectfully files this reply in support of their motion to dismiss the Petition for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), (4) and (5).

## Argument

In its opposition, the FTC propagates the rather strange notion that it is immune from bedrock civil procedure rules that control our federal civil litigation process. To obscure the necessity of adhering to the controlling procedural rules, let alone the fundamental tenets of Due Process, the FTC's Opposition presents a plethora of factually and procedurally distinguishable cases to support its tenuous position.

In these cases, appellants were mainly contesting discovery matters and the good faith of the agency's administrative process. None specifically address the situation at hand, where the summons itself was never issued, much less served with the initial pleading, and thus no personal jurisdiction exists. These cases do, however, speak to the general proposition that the Rule 4 can be read more flexibly during pre-Complaint, agency enforcement proceedings. This is not an open invitation to dispense with the most basic tenets of service of process when initiating a federal civil action in district court. As *Donaldson v. United States*, 400 U.S. 517, 528 (1971) notes, the rights of the party must still be preserved.

Crucially, the FTC's opposition inaccurately conflates an agency summons with the summons required by Rule 4 to initiate a federal civil action. The various agency "summonses" being analogized by the FTC in its opposition paper are *not* summonses for the purpose of Rule 4, which accompany initial pleadings. Here, the enforcement petition filed with the District Court requires proper service, including a summons, to vest personal jurisdiction. In contrast, *United States v. Hooper*, 76 F.3d 389 (9th Cir. 1995), cited by the FTC in opposition to

2

the Respondents' motion, refers to an initial IRS administrative summons and subpoena, the equivalent here being the CID. The issuance of an administrative summons, like a CID or IRS summons, does not require adherence to Rule 4 when issued (nor do we argue otherwise). This is a fine distinction with significant resultant procedural implications.

In contrast to the FTC's position, the law in the Ninth Circuit appears to firmly hold otherwise, that adherence to Rule 4 in this exact situation is mandatory. "The district court acquires personal jurisdiction over the taxpayer by service of the show cause order and the petition for enforcement of the summons… *Service must be made in compliance with Rule 4 of the Federal Rules of Civil Procedure.*" *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993) (emphasis added) (citing both *United States v. Bichara*, 826 F.2d 1037, 1039 (11th Cir. 1987) and *Donaldson v. United States*, 400 U.S. 517, 528-29 (1971)). In turn, the Northern District of California relied on *Gilleran* to dismiss an administrative summons enforcement petition for lack of personal jurisdiction. *See Harris v. Abbas*, 2013 U.S. Dist. LEXIS 36384 (N.D. Cal. 2013).

*Harris* is particularly apt to the instant case because in both *Harris* and in this case, the Order to Show Cause required the Petitioner to serve copies of the order, the petition, and supporting documents, but yet the *Harris* court found that this order did *not* vitiate the need to comply with Rule 4's issuance of a summons:

> The district [court] has not implemented a local rule addressing service of process in subpoena enforcement

3

>actions. Nor did the court provide special instruction for service when it issued the OSC, other than to order Petitioner to "forwith serve copies of this Order to Show Cause and a copy of the Petition and supporting documents on Respondents." Thus, Rule 81 [referring in particular to Rule 81(a)(5)] mandates application of the general civil rules governing initial service.

*Id.* at *5.

The district court then explained that a corporation "may be served 'by delivering a copy of the summons and of the complaint to an officer . . ." *Id.* Because the Petitioner did not initiate service in compliance with Rule 4, the *Harris* court held "the Petition is dismissed without prejudice for lack of personal jurisdiction. *Id.* at * 9.

In this case, Respondent maintains that service of the show cause order and the petition for the enforcement of the summons was never properly effected per *Gilleran*, as no accompanying summons was ever obtained or served. In accordance with this controlling authority, no personal jurisdiction was obtained over either of the Respondents. This is no mere technicality, nor does the FTC's apparently unopposed custom of ignoring this requirement render it acceptable to forgo it in this instance. Permitting an agency to demand the appearance of a party without complying with Rule 4's summons requirement endangers one's Constitutionally afforded right of Due Process, as forewarned in *Donaldson*.

## Conclusion

Summarily, the authorities cited by the FTC in furtherance of the argument that basic service requirements are optional are not

4

persuasive. Moreover, they are wholly rebutted by this Circuit's holding in *United States v. Gilleran*, which unequivocally states that Rule 4 is essential to the procurement of personal jurisdiction. By failing to adhere to Rule 4's requirement that a summons be obtained and served upon the Respondent with the order to show cause and the enforcement petition, the court lacks personal jurisdiction over the Respondents and the FTC's enforcement action is due to be dismissed.

Respectfully submitted this 15th day of February, 2018.

THE BERNHOFT LAW FIRM, S.C.
Attorneys for Donor Relations, LLC and
for Courtesy Call, Inc.

    /s/ Robert G. Bernhoft
Robert G. Bernhoft, Wis. Bar No. 1032777
1220 Colorado Street, Suite 440
Austin, Texas 78701
(512) 582-2100 telephone
(512) 373-3159 facsimile
rgbernhoft@bernhoftlaw.com

| | |
|---|---|
| 1 | Robert G. Bernhoft, Wis. St. Bar #1032777 |
| 2 | Daniel J. Treuden, Wis. St. Bar #1052766 |
| | The Bernhoft Law Firm, S.C. |
| 3 | 1220 Colorado Street, Suite 440 |
| 4 | Austin, Texas 78701 |
| | (512) 582-2100 telephone |
| 5 | Attorney for the Purported Respondents |
| 6 | Special Appearance (*pro hac vice* application pending) |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) ) ) | |
| Petitioner, | ) ) | Case No. 2:18-cv-00183-GMN-CWH |
| v. | ) ) | |
| DONOR RELATIONS, LLC, and COURTESY CALL, INC., | ) ) ) ) | |
| Respondents. | ) ) | |

   The undersigned hereby certifies that this document was served via the Court's ECF system and that opposing counsel is registered as an ECF user with this Court.

1   Respectfully submitted this 15th day of February, 2018.

2                                    THE BERNHOFT LAW FIRM, S.C.
3                                    Attorneys for Donor Relations, LLC and
                                     for Courtesy Call, Inc.
4

5
                                      /s/ Robert G. Bernhoft
6                                    Robert G. Bernhoft, Wis. Bar No. 1032777
7                                    1220 Colorado Street, Suite 440
                                     Austin, Texas 78701
8                                    (512) 582-2100 telephone
9                                    (512) 373-3159 facsimile
                                     rgbernhoft@bernhoftlaw.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26