**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,  )<br>  )<br>            Plaintiff,  )<br>  )  Case No.: 2:18-cv-00183-GMN-CWH<br>vs.  )<br>  )<br>DONOR RELATIONS, LLC, *et al.*,  )       **ORDER**<br>  )<br>            Defendants.  )<br>  ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 8), filed by Defendants Donor Relations, LLC and Courtesy Call, Inc. (collectively "Defendants"). Plaintiff Federal Trade Commission ("the FTC") filed a response, (ECF No. 12), and Defendants filed a reply, (ECF No. 13). For the reasons discussed herein, Defendants' Motion to Dismiss is **DENIED**.

**I.      BACKGROUND**

On February 1, 2018, the FTC concurrently filed a Petition to Enforce Civil Investigative Demands and a Motion for Order to Show Cause as to why the Defendants should not be required to comply with the civil investigative demands. (ECF Nos. 1, 2). Upon finding good cause, the Court granted the Motion for Order to Show Cause and set a hearing for February 20, 2018. (ECF No. 3). Additionally, the Court gave Defendants until February 9, 2018, to file any responses to the Order to Show Cause. (*Id.*). Prior to this response deadline, Defendants filed a Motion to Dismiss based on lack of personal jurisdiction and improper service.

**II.     LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. "[U]nless the procedural requirements of effective service of process have been satisfied, the court lacks personal jurisdiction to act with respect to that defendant at all."

*Cambridge Holdings Group v. Federal Ins. Co.*, 489 F.3d 1356, 1361 (D.C. Cir. 2007). When a defendant challenges service, the Plaintiff bears the burden of establishing the validity of service. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). In granting a Rule 12(b)(5) motion, the court may either dismiss the action without prejudice or retain the action and permit the plaintiff to cure the defects. *See Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985).

## III.     DISCUSSION

Defendants argue that the Court lacks personal jurisdiction because they were not properly served with a summons in accordance with Fed. R. Civ. P. 4. (Mot. to Dismiss 3:7–11, ECF No. 8). In response, the FTC asserts that a court issued summons is not required in subpoena enforcement proceedings because jurisdiction is obtained through service of the show cause order and petition for enforcement. (FTC Resp. 5:15–6:2, ECF No. 12). Without conceding this point, Defendants argue that service of the show cause order and petition for enforcement nonetheless must be completed in accordance with Rule 4. (Defs.' Reply 3:7–4:16, ECF No. 13).

In the Ninth Circuit, a district court acquires personal jurisdiction in subpoena enforcement proceedings "by service of the show cause order and the petition for enforcement of summons." *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993). While Defendants correctly note that Rule 4 service is the default requirement, Rule 81(a)(5) provides that the Federal Rules of Civil Procedure apply to summons-enforcement proceedings "except as otherwise provided by statute, by local rule, or by court order in the proceeding." Fed. R. Civ. P. 81(a)(5). Accordingly, under Rule 81, a district court is plainly authorized to be flexible in its application of the civil rules for initial service in subpoena enforcement actions.

Here, the Court's Order to Show Cause stated that "a copy of this Order and copies of [the] Petition and exhibits filed therewith, shall be served forthwith by Petitioner upon

Respondents or their counsel, using as expeditious means as practicable." (Order 3:1–4, ECF No. 3). On February 6, 2018, the FTC filed proof of service indicating that the show cause order and petition were mailed via FedEx to Defendants' respective business addresses and their registered agents. (ECF No. 7). Accordingly, the FTC perfected service in accordance with the Court's Order, thereby vesting the Court with personal jurisdiction over Defendants.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 8), is **DENIED**.

**DATED** this __16__ day of February, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge